THE JASON CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. BOARD OF ADJUSTMENT OF THE CITY OF HOBOKEN, AND PATRICK L. CAULFIELD, AS INSPECTOR OF BUILD-INGS, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 29, 1951.

464

*Messrs. DeFazio, Davidson & DeFazio,* attorneys for plaintiff.

*Mr. Dominick J. Marrone,* attorney for defendants.

PROCTOR, J. S. C.  Plaintiff seeks a review of the action of the Board of Adjustment of the City of Hoboken, sustaining the decision of the building inspector in denying plaintiff a permit to construct a well at No. 1040 Grand Street, Hoboken, New Jersey, and demands that the building inspector be required to issue to the plaintiff the permit requested.

It was stipulated in the pretrial order that on January 24, 1951, the plaintiff, with the consent of the owner of the aforesaid premises, applied to the inspector of buildings for a permit to dig a well at the above address to be used in connection with plaintiff's factory.  The application stated that the water therefrom was "to be used in connection with its production and not to be commingled with regular municipal water supply."  On March 13, 1951, the building inspector refused to issue the permit.  On March 16, 1951, plaintiff appealed to the board of adjustment and, after a public hearing, the board sustained the action of the building inspector.

The building inspector and the board of adjustment were of the opinion that the City of Hoboken was bound by certain regulations promulgated by the Department of Water Supply of the City of Jersey City, from which the City of Hoboken receives its water supply. These regulations include the following provision:

"No person or corporation shall install, own or operate a physical connection of any type between an approved potable public water supply and a secondary or unapproved water supply. A physical connection means any cross-connection, by-pass, valve, pipeline, auxiliary intake or any device which permits or may permit any flow of water into an approved public potable water supply from an unapproved water supply."

They base their refusal to grant the permit on the ground that there is maintained in the plaintiff's manufacturing plant on the above premises a pipeline adequately supplying it with water from the city's water system; that, although the pipe carrying water from the proposed well will be connected only with the cooling system for the machines in the plant, the used water emptying directly into the city sewerage system, nevertheless with two pipelines, conveying water from two sources, within the same building there is a possibility that a connection could be installed between them, thereby commingling water from the potable city supply system with water from the proposed well, resulting in contamination of the city's water supply.

An examination of the exhibits and of the transcript of testimony taken before the board of adjustment discloses that there will be no physical connection by means of "any cross-connection, by-pass, valve, pipeline, auxiliary intake or any device" between the pipeline from the proposed well and the pipeline conveying the city water supply. The pipeline as proposed would not permit any commingling of the water. The defendants' fear that the issuance of the permit would afford the plaintiff the opportunity of going beyond the limitation of its permit by constructing a connection between the two pipelines is not sufficient to warrant a denial of the

permit. There was no proof of any intention to deviate from the statement contained in plaintiff's application, and it is not to be presumed that plaintiff will surreptitiously connect the two pipelines. Should an attempt be made to make the prohibited physical connection, the city can then protect its rights by appropriate action. See *Guttman v. Borough of Bradley Beach*, 15 *N. J. Super.* 409 (*App. Div.* 1951).

The refusal of the building inspector to grant the permit and the subsequent affirmance of his decision by the board of adjustment were, under the facts, arbitrary and unreasonable and are hereby reversed.

A judgment may be entered directing the building inspector to issue the permit requested to the plaintiff.